LOTTINGER, Judge.
The parties to this litigation own adjoining properties in the Southwest Quarter of Section Twenty-six, Township Eight South, Range Six East, in the Parish of Livingston. Alleging that they were entitled to a judicial fixing of the boundaries between the two properties, the plaintiff filed a boundary suit in consequence of which Mr. Oliver C. Hollister, C. E., was appointed to survey the boundary line. A survey was made by Mr. Hollister who filed his plat together with a proces verbal thereof. On a rule to homologate the survey, the matter was referred to the merits and thereafter trial was had on 'May 9, 1956. Subsequently, for written reasons assigned, the Lower Court rendered a decision in favor of the plaintiffs recognizing the boundary line as fixed by Mr. Hollister except for a small area lying in the Northeast Quarter of the Southwest Quarter of Section Twenty-six, Township Eight South, Range Six East, as to which the trial judge

*466

*467

*468 sustained a plea of thirty years prescription filed by the defendant and the matter is now before us on an appeal taken by the latter.
The evidence discloses that the plaintiffs are the owners of twenty-three acres located in the Eastern portion of the Southwest Quarter of the Southwest Quarter of Section Twenty-six and the whole East half of the Southwest Quarter of the same section. The defendant is the owner of the Northwest quarter of the Southwest Quarter and a portion of land supposedly containing- fifteen acres in the Southwest Quarter of the Southwest Quarter of the Section. The boundary between the respective properties begins somewhat to the East of the Southwest corner of the Section and progresses in a northerly direction across the Southwest Quarter of the Southwest Quarter to the North line thereof, thence runs East to the center of the Southwest Quarter thence North along the line dividing the Northwest Quarter of the Southwest Quarter owned by Sharp and the Northeast Quarter of the Southwest Quarter owned by the plaintiffs. Mr. Hollister’s map is made part hereof as appendix 1.
The court below approved the Hollister Survey along the lines NABXOPE and awarded to the defendant the tract as enclosed by the letters NEPO. It appears that the twenty-three acre tract situated in the SW 14 of the SW J4 was at one time conveyed by the defendant to one Lawton E. Barton by deed dated August 24,1939, under the following description:
“* * * and 23.00 acres in the Southwest Quarter of the Southwest Quarter of Section 26, bounded as follows: Beginning at a point 12.76 chains East from the Northwest corner of the Southwest Quarter of the Southwest Quarter of said Section 26; thence East about 7.24 chains to Northeast corner of the Southwest Quarter of the Southwest Quarter of said Section 26; thence South 20.00 chains; thence West 20.00 chains to a corner on Section line of Sections 26, 27, 34 & 35; thence North about 2.00 chains; thence North 22 degrees East 6.82 chains; thence North 14 degrees 30 minutes East 6.00 chains; thence East 5.76 chains; thence about 8.59 chains to the place of beginning.”
Thereafter the said tract passed by mesne conveyances to the plaintiffs. Aside from the plea of prescription and other incidental matters, its apparent that the survey was necessary to establish the boundary of the above described tract together with the dividing line between the Northwest and Northeast Quarters of the Southwest Quarter of the Section. While counsel for the defendant attempts to discredit the ability of Mr. Hollister and the accuracy of his survey, he offered no expert testimony whatever which would refute the Hollister survey. Indeed, the record discloses that his line was within but a few feet of that run by another surveyor a few years previously. We are impressed by Mr. Hollis-ter’s testimony and it appears to us that he was most conscientious in trying to establish the line in an unpartisanlike manner.
The plea of prescription is totally without merit except as to the area enclosed by the letters NEPO and the plaintiffs acknowledge that as to that area the plea is good. As to the twenty-three acre tract, it will be noted that the defendant himself conveyed same as late as the year 1939.
Lastly, the defendant complains of the non-observance by Mr. Hollister of certain formalities in connection with his map and proces verbal. Considering the fact that the matter has been heard on the merits, that the surveyor was present in court and duly sworn, we think that his map, together with his testimony and proces verbal were properly admissible to be used in resolving the case.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.